**John W. Knottnerus**, OSB No. 892788
jknotternus@mblglaw.com
**Stephen P. Yoshida**, OSB No. 044588
syoshida@mblglaw.com
MB LAW GROUP, LLP
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone: 503-914-2015
Facsimile:  503-914-1725

   Attorneys for Defendant Subaru of America, Inc.

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| NICHOLE L. KONOLOFF and JASON EAVES,<br><br>                    Plaintiffs,<br>   v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA, a Liberty Mutual Company; SUBARU OF AMERICA, INC.; and SUBARU CORPORATION f/k/a FUJI HEAVY INDUSTRIES, LTD.,<br><br>                    Defendants<br>. | Case No.  3:20-cv-01622-AC<br><br>**DEFENDANT SUBARU OF AMERICA, INC.'S MOTION FOR SUMMARY JUDGMENT AND/OR TO STRIKE PLAINTIFFS' DAMAGES CLAIMS AND CLAIMS FOR PUNITIVE DAMAGES, FRAUD, DECEPTIVE PRACTICES AND EQUITABLE RELIEF**<br><br>Oral Argument Requested |

   Defendant Subaru of America, Inc. ("SOA") moves pursuant to Fed. R. Civ. P. 56 and/or

37(b) for an Order dismissing and/or striking Plaintiffs' undefined and unsubstantiated claims for

personal injuries and related/alleged damages on the grounds that there is no legitimate question

of fact that Plaintiffs did not sustain any actual injuries or actual economic or noneconomic

Page 1 -   DEFENDANT SUBARU OF AMERICA, INC.'S MOTION
           FOR SUMMARY JUDGMENT OR ALTERNATIVE MOTION
           TO STRIKE PLAINTIFFS' DAMAGES CLAIMS

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR  97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

damages for the claims alleged and/or based on Plaintiffs' continued failure to comply with Court orders and discovery rules. SOA further moves and requests that this Court grant partial summary judgment against Plaintiffs' claims for punitive damages, fraud, willful or deceptive misconduct, and equitable relief under Fed. R. Civ. P. 56 on the grounds that such requested relief are either factually unsupported or improper as a matter of law.

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that he called and left voicemail messages with Plaintiffs' attorney on January 12 and 13, 2022, and explained in those messages the nature/grounds for SOA's motion. In addition, the undersigned counsel also sent Plaintiffs' attorney follow up emails, on January 12 and 13, 2022, regarding SOA's motion. Accordingly, SOA made a good faith effort to confer regarding this motion.

## FACTUAL AND PROCEDURAL BACKGROND

### 1.  Incident Facts

Plaintiffs' lawsuit arises out of a single motor vehicle incident on September 6, 2018. The incident involved a 2014 Subaru Forester ("the Forester") that was being driven by its then owner, Plaintiff Nicole Konoloff with Plaintiff Jason Eaves as the front passenger  According to Plaintiffs, they were stopped in a small parking lot of Deanz Greenz Marijuana Dispensary in Southeast Portland when they claim the Forester suddenly and inexplicably started driving on its own, striking a nearby parked vehicle and knocking over part of an adjacent fence, before it then abruptly stopped roughly 10 to 15 feet from its original starting point – all without any action or input from Plaintiff Konoloff.

Page 2 -   DEFENDANT SUBARU OF AMERICA, INC.'S MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVE MOTION TO STRIKE PLAINTIFFS' DAMAGES CLAIMS

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR  97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

Plaintiffs did not report the incident to police or seek any medical attention at the scene. Plaintiffs did not report any injuries or seek PIP coverage from Konoloff's insurance carrier, Safeco. In fact, on September 14, 2018, Konoloff gave a recorded interview to her Safeco insurance adjuster and affirmatively told the adjuster that she and Eaves were not injured in the incident. (Yoshida Dec., Ex. 1). The Forester was not kept – it was sold for salvage, then repaired and resold.

Plaintiffs filed this lawsuit on September 11, 2020. It has been pending for sixteen months.

2. **Plaintiffs Have No Documented Injuries or Medical Treatment Records Relating to the September 2018 Incident.**

Despite Konoloff's contrary statement to her insurer, Safeco, (*Id*.), Plaintiffs' Complaint against SOA alleges that both Konoloff and Eaves suffered personal injuries as a result of the incident. (Doc. 1, Ex. 1, ¶ 10). The Complaint alleges that Plaintiffs required medical care and incurred medical expenses as a result of the incident. *Id*. In total, Plaintiffs' Complaint demands $10,000,000 in compensatory, exemplary, and economic damages, and also includes requests for various forms of equitable relief. *Id*.

Although this lawsuit has now been pending for well over a full year, and despite numerous requests, Plaintiffs have never produced any verifiable evidence or documentation to support their claims for personal injuries or economic damages.[1] Plaintiffs have not produced a single medical bill. Plaintiffs have not produced a single record showing the existence of any out-of-pocket

---

[1] SOA served Plaintiffs with Requests for Production and Interrogatories seeking medical treatment information and records and bills on January 22, 2021. Plaintiffs served written responses and produced documents on or about August 11, 2021.

Page 3 -  DEFENDANT SUBARU OF AMERICA, INC.'S MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVE MOTION TO STRIKE PLAINTIFFS' DAMAGES CLAIMS

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR  97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

expense or specific item of economic loss. To the contrary, and explained below, the evidence produced shows that no such personal injury or related damage (of any sort) occurred due to the subject incident.

With respect to Plaintiff Eaves, he has not produced any records reflecting any injury at all in the incident. Eaves testified in deposition that he believes his right wrist may have "popped" during the incident when he squeezed the passenger door handle. However, he confirmed during his deposition that he did not seek any medical treatment for that or any other issue. (Eaves Depo., pp. 13:1-6; 75:6-8).

Plaintiff Konoloff testified that she believes some of her pre-existing medical problems got worse following the September 2018 incident. She testified that she was "jolted" and may have bumped her knee during the incident, but could not identify any discernable injury from the event. (Konoloff Depo., 78:12-79:10). Indeed, and despite repeated requests, Konoloff remains unable or unwilling to identify any specific injury or medical treatment she attributes to the September 2018 incident, as opposed to the very same medical conditions and treatment that were active and ongoing at that time.

SOA served written discovery in January 2021, asking Konoloff to identify and describe all bodily injuries she allegedly sustained in the incident. Plaintiffs' response (provided nearly six months later) merely stated, "Plaintiff Konoloff's injuries and medical records are quite extensive." (Plaintiff's Interrogatory Response No. 11.) Yet, and although Plaintiffs eventually produced thousands of pages of medical history for Konoloff, <u>none</u> of those records evidence, involve or document any injuries or treatment relating to the September 2018 incident. Instead, <u>all</u> of Konoloff's medical records relate to her pre-existing physical and mental conditions

Page 4 - DEFENDANT SUBARU OF AMERICA, INC.'S MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVE MOTION TO STRIKE PLAINTIFFS' DAMAGES CLAIMS

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

allegedly caused by an entirely different motor vehicle accident that occurred two years before, in June 2016. In addition, Safeco served Plaintiffs with Requests for Admission on August 31, 2021. Safeco's Requests Nos. 5 and 6 asked Plaintiffs to admit that they did not receive any medical treatment for injuries sustained in the accident prior to September 6, 2020. (Yoshida Dec., Ex. 2). Plaintiffs did not answer the Requests, which are deemed admitted. (Yoshida Dec., ¶ 3).

During the course of SOA's persistent efforts to obtain even basic discovery from Plaintiffs, SOA learned that both Konoloff and Eaves were allegedly injured in a previous and unrelated motor vehicle accident on June 18, 2016, in which a vehicle being driven by Konoloff was rear-ended on the freeway. Both Plaintiffs, with counsel, pursued personal injury claims against the other driver as a result of the June 2016 accident. Indeed, Konoloff was actively pursuing a personal injury lawsuit, *Nichole Leigh Konoloff v. Donald J. Conners*, Multnomah County Case No. 18CV24674, at the time the subject incident occurred in September 2018 (and as noted below was even deposed in that case after the subject Forester incident, yet never mentioned it).

According to Konoloff's medical records that SOA has obtained, in 2018, and at the time of her claimed incident with the Forester, Konoloff was treating with various pain management specialists, mental health professionals, and neurologists. She continued to see the <u>same</u> medical professionals for the <u>same</u> complaints following September 2018. None of Konoloff's medical records that were produced reference any injuries (or any new, enhanced, aggravated or different physical or mental complaints) following September 2018. In fact, the records and information obtained by SOA through discovery directly contradict, and undermine, any claim by Konoloff that she suffered personal injuries or damages as a result of the September 2018 Forester incident.

Page 5 -   DEFENDANT SUBARU OF AMERICA, INC.'S MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVE MOTION TO STRIKE PLAINTIFFS' DAMAGES CLAIMS

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR  97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

Konoloff was deposed in the *Conners* personal injury lawsuit on December 3, 2018 (*i.e.* approximately three months after the subject incident involving the Forester). (Yoshida Dec., Ex. 3.) Konoloff was questioned extensively about the nature and timeline of her alleged and existing physical and emotional injuries/symptoms. Not once did Konoloff mention anything about the September 2018 Forester incident, nor did she testify that her injuries/symptoms became worse after September 2018. To the contrary, Konoloff blamed the June 2016 accident for all of her existing and continuing physical and mental problems.

Later, on July 22, 2019, Konoloff underwent an IME, pursuant to ORCP 44, as part of the *Conners* lawsuit.[2] (Yoshida Dec., Ex. 4.) The IME was conducted by neuropsychologist Dr. Leslie McAllister. The purpose of the IME was to determine the extent and effect of all the injuries Konoloff suffered in the June 2016 accident, and the progression and status of her injuries and medical conditions from June 2016 to the date of the IME. During that IME, and as reflected in the 29-page IME report, Konoloff was interviewed by Dr. McAllister about her alleged injuries/symptoms. Dr. McAllister even included a section in her report entitled "History from Ms. Konoloff." As reflected in the IME report, at no time did Konoloff say anything about the September 2018 Forester incident, or any injury or aggravation from that incident.

Dr. McAllister also reviewed and summarized Konoloff's treatment records from June 2016 through May 2019. Here again, there is not a single mention of the September 2018 Forester incident in the IME report's treatment summary, nor is there any mention of any new injuries or symptoms occurring on or after that date.

---

[2] The IME report was only recently produced to Defendants on December 13, 2021. Therefore, SOA was not able to question Konoloff about the contents of the IME report at the time of her deposition.

Page 6 -   DEFENDANT SUBARU OF AMERICA, INC.'S MOTION
             FOR SUMMARY JUDGMENT OR ALTERNATIVE MOTION
             TO STRIKE PLAINTIFFS' DAMAGES CLAIMS

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

The September 2018 Forester incident is simply and indisputably not part of Plaintiff's medical history, nor is there any evidence of injury, medical treatment, or actual damage from that incident in any medical record, deposition testimony or IME report.

3. **Plaintiffs Have Repeatedly Failed to Comply With Their Discovery Obligations by Refusing to Specifically Identify Their Alleged Injuries and Economic Damages.**

As the Court is aware, SOA has now spent nearly a full year trying to obtain complete and accurate discovery from Plaintiffs, filing discovery motions to make them comply, and participating in repeated Court conferences, in an effort to compel Plaintiffs to prove or establish their case on damages including identifying and documenting (1) the personal injuries Plaintiffs believe they sustained in the incident; (2) the medical treatment, if any, Plaintiffs received as a result of the incident; and (3) medical bills or other economic expenses, if any, Plaintiffs claim they incurred as a result of the incident.  (Docs. 11 – 30).  As outlined above, Plaintiffs have utterly and completely failed to provide any evidence to support their claims for damages despite SOA's and this Court's efforts and allowances for more time to do so.

Plaintiffs have repeatedly failed to comply with Court Orders and deadlines.  Most recently, the Court ordered Plaintiffs to provide to Defendants, no later than December 6, 2021, an itemized list of their respective injuries claimed to have resulted from the incident described in the Complaint.  (Doc. 30).  The Court also ordered Plaintiffs to provide Defendants with an itemized list of special damages, and the amount of non-economic damages sought.  *Id*.

Plaintiffs again did not comply.  Rather, on December 14, 2021, Plaintiffs served Defendants with a pleading titled "Plaintiffs' Alleged Specific Injuries/Damages Itemized List for Defendants" ("Statement of Damages"). (Yoshida Dec., Ex. 5.)  But, Plaintiffs' Statement of

Page 7 -   DEFENDANT SUBARU OF AMERICA, INC.'S MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVE MOTION TO STRIKE PLAINTIFFS' DAMAGES CLAIMS

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR  97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

Damages is not a statement at all.  The document does not identify any alleged personal injuries, nor does the document identify or itemize any special damages.  *Id*.  Instead, the so-called "Statement of Damages" merely says Konoloff's economic damages are $25,000 and Eaves' economic damages are $5,000, with no further detail, support or explanation.  *Id*.

Incredibly, the Statement of Damages also includes a request for a combined $5,000,000 in noneconomic damages as well as $10,000,000 for punitive damages which Plaintiffs say is based on unspecified (as well as unprovable and nonexistent) "willful conduct, wanton conduct, fraud and/or malice" by SOA.  *Id*.  The document further requests class action-styled injunctive and declaratory relief, which have no possible application to this case.  *Id*.

### STANDARD FOR REVIEW

1. **Motion for Summary Judgment**

Summary judgment is appropriate when there is no genuine dispute over any material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  When a party fails to make a showing sufficient to establish an essential element of their case on which the party will bear the burden of proof at trial, Rule 56(c) mandates the entry of summary judgment.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986).  Although a moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact, it may discharge its burden by showing there is a lack of evidence to support the nonmoving party's case, or by producing evidence that negates an essential element of the nonmoving party's claim.  *Id.* at 323, 325*; Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  Once a moving party shows the absence of a material fact, the nonmoving party must proceed beyond the pleadings and designate specific facts demonstrating a genuine issue for trial.  *Celotex*

Page 8 -   DEFENDANT SUBARU OF AMERICA, INC.'S MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVE MOTION TO STRIKE PLAINTIFFS' DAMAGES CLAIMS

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR  97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

*Corp.*, 477 U.S. at 324. There must be sufficient evidence upon which a reasonable jury could find for the plaintiff.

Further, a motion for summary judgment "necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505 (1986). As a result, there is no genuine issue of material fact if the evidence presented by the nonmoving party is insufficient to meet its substantive evidentiary burden. *Id.* at 254.

Where a motion for summary judgment is filed against a claim for punitive damages or for fraud, the court must view the claim through the lens of the standard of clear and convincing evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505 (1986) ("in ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden."); *see also Hubka v. Paul Revere Life Ins. Co.*, 215 F. Supp. 2d 1089, 1094 (S.D. Cal. 2002) ("Where, as here, the clear and convincing standard would apply at trial, to defeat a summary judgment motion Plaintiff must produce evidence such that a reasonable juror could find punitive damages appropriate by clear and convincing evidence.").

**2. Motion to Strike**

Fed. R. Civ. P. 37(b) grants the court discretionary authority to sanction a party for failure to obey an order or provide or permit discovery. Among the sanctions available to the court are dismissal of the plaintiff's complaint, striking pleadings in full or in part, and assessing fees and costs against the disobedient party. *Id.*

Page 9 -   DEFENDANT SUBARU OF AMERICA, INC.'S MOTION
FOR SUMMARY JUDGMENT OR ALTERNATIVE MOTION
TO STRIKE PLAINTIFFS' DAMAGES CLAIMS

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR  97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

# ARGUMENT

**1.  Plaintiffs' Claims for Personal Injuries and Economic Damages Should be Dismissed or Stricken Under Fed. R. Civ. P. 56 and/or 37(b).**

SOA strenuously denies and disputes that the Forester suffered from any "unintended acceleration" defect or that it inexplicably drove (and then stopped) all on its own. Plaintiffs will not be able to sustain their burden of proof, but that question will be addressed (if necessary) later after expert discovery. Nevertheless, and for purposes of this motion, there is simply no sufficient proof or evidence that Plaintiffs were injured, sustained any verifiable economic loss, or suffered actual noneconomic damages from the September 2018 incident for which they can recover under the claims alleged. The record is clear that they did not seek any medical treatment, incur any medical expenses, or suffer any economic or noneconomic damages.

Plaintiffs will not be able to prove any of the elements of their case at trial, whether on liability or damages. At this time, SOA is entitled to summary judgment with respect to Plaintiffs' damages claim, and/or the Court should strike such claims due to the Plaintiffs' repeated failure to produce any probative evidence or proof of such damages. It is inexcusable that the case has now been pending for 16 months, yet Plaintiffs have not, or cannot, provide the Defendants with any or sufficient evidence of their supposed injuries and itemization of their alleged economic damages.

In addition to there being no genuine issue of fact based on the evidence presented, Plaintiffs' persistent failure to comply with Court orders and basic discovery rules justifies striking their claims for personal injuries and economic damages (or any belated "evidence" they might try to now present in response to SOA's motion). Plaintiffs were even sanctioned for failure to respond to SOA's Set of Interrogatories and First Requests for Production (Doc. 16), yet the

Page 10 - DEFENDANT SUBARU OF AMERICA, INC.'S MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVE MOTION TO STRIKE PLAINTIFFS' DAMAGES CLAIMS

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR  97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

deficiencies continued. Plaintiffs eventually served incomplete written discovery responses and document production (approximately six months late), but the information provided remained deficient, and remains so today.

The Court has given Plaintiffs multiple opportunities to comply while also admonishing Plaintiffs regarding the importance of following discovery rules. (Docs. 21, 26, 30). The Court has been exceptionally fair and forgiving with Plaintiffs throughout this process. However, Plaintiffs' untimely and deficient Statement of Damages should be the last straw.

Plaintiffs were ordered by the Court to provide Defendants with a list of their respective injuries and itemize their alleged special damages by December 6, 2021. They failed to do either. Accordingly, either entering summary judgment and/or issuing an order striking Plaintiffs' claims for personal injuries and alleged damages is justified, particularly in light of the facts presented and the pattern of discovery violations and failures outlined above.

> **2. Plaintiffs' Claims for Punitive Damages, Fraud, and Deceptive Trade Practices Should be Dismissed on Summary Judgment.**
>
> **A. Plaintiffs have no proof to support their claim for $10,000,000 in punitive damages.**

The Court should grant summary judgment against Plaintiffs' baseless claim for $10,000,000 in punitive damages. There is no evidence in the record to support any finding that SOA acted wantonly, recklessly, or maliciously toward the Plaintiffs. No reasonable juror could find, by clear and convincing evidence or otherwise, the requisite aggravating conduct by SOA to support the imposition of punitive damages.

Under Oregon substantive law, punitive damages are allowed if the plaintiff can prove "by clear and convincing evidence that the party against whom punitive damages are sought has acted with malice or has shown a reckless and outrageous indifference to a highly unreasonable risk of

Page 11 - DEFENDANT SUBARU OF AMERICA, INC.'S MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVE MOTION TO STRIKE PLAINTIFFS' DAMAGES CLAIMS

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

harm and has acted with a conscious indifference to the health, safety and welfare of others." ORS 31.730. To satisfy the clear and convincing standard for recovering punitive damages, the evidence must establish that the truth of the facts asserted is highly probable. *Rubicon Global Ventures, Inc. v. Chongqing Zongshen Group Import/Export Corp.*, 226 F.Supp.3d 1141m 1153 (2016)

"Malice" has been held to mean the intentional doing of an injurious act without justification or excuse. *See, Johannesen v. Salem Hosp.*, 336 Or. 211, 82 P.3d 139 (2003). "Wanton misconduct" has been held to mean conduct which creates a substantial risk of harm to another and is purposefully performed with awareness of the risk and a disregard of the consequence. *Axen v. American Home Products Corp. ex rel. Wyeth-Ayerst Laboratories* (1999), 158 Or App 292, opinion adhered to as modified on reconsideration 981 P.2d 340, 160 Or. App. 19, review denied 994 P.2d 124, 329 Or. 357, certiorari denied 120 S.Ct. 979, 528 U.S. 1136, 145 L.Ed.2d 930.

In the present case, Plaintiffs failed to conduct any fact discovery and, in any event, do not have and cannot present any documents, testimony or admissible evidence by or from SOA (or otherwise) that would support their unfounded and scandalous allegations. It is again worth noting that the subject vehicle had no history of any unintended acceleration and was salvaged, reconstructed and driven an additional 40,000 miles after the September 2018 incident without issue. All Plaintiffs have is their bizarre and far-fetched story that a five-year-old Subaru Forester, with 71,000 miles and no prior or subsequent history of unintended acceleration, somehow caused Konoloff to drive 10 to 15 feet in the parking lot of a marijuana shop.

Page 12 - DEFENDANT SUBARU OF AMERICA, INC.'S MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVE MOTION TO STRIKE PLAINTIFFS' DAMAGES CLAIMS

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

Plaintiffs cannot prove this incident was caused by a design or manufacturing defect with the vehicle at the time of its original sale/delivery, let alone that SOA should be subject to a punitive damages claim. More importantly for the purpose of this motion, Plaintiffs can offer no admissible evidence to meet any clear and convincing standard that SOA acted with intent to harm, or with malice, or with wanton misconduct toward Plaintiffs. Accordingly, the Court should grant summary judgment against Plaintiffs' unfounded claim for punitive damages.

### B. Plaintiffs have no proof to support their claim for fraud.

Plaintiffs' claim for fraud (Doc. 1, Ex. 1, Count III, pp. 24-25) fails for the same evidentiary reasons set forth above. Plaintiffs' Complaint broadly alleges, citing no specific facts, that SOA was involved in a fraudulent coverup involving a purported "Sudden Acceleration Defect." Plaintiffs have no admissible evidence to support their preposterous accusations.

The general elements of a claim for common-law fraud are: (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) the speaker's intent that it should be acted on by the person and in the manner reasonably contemplated, (6) the hearer's ignorance of its falsity, (7) the hearer's reliance on its truth, (8) the right to rely on it, and (9) the consequent and proximate injury. *Williams v. Philip Morris Inc.,* 182 Or App 44, 49, 48 P3d 824 (2002). Plaintiff must prove each element of fraud by clear and convincing evidence. *Oregon Public Employees' Retirement Bd. ex rel. Oregon Public Employees' Retirement Fund v. Simat, Helliesen & Eichner,* 191 Or App 408, 423–424, 83 P3d 350 (2004).

As noted above, Plaintiffs can offer no admissible evidence to support their underlying claim that the subject vehicle suffered from a defect, let alone their more outrageous and

Page 13 - DEFENDANT SUBARU OF AMERICA, INC.'S MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVE MOTION TO STRIKE PLAINTIFFS' DAMAGES CLAIMS

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

conspiratorial claims, and most certainly not by clear and convincing evidence (or even otherwise). No reasonable jury could find that SOA committed fraud against the Plaintiffs.

### C. Plaintiffs have no proof to support their claim for deceptive trade practices.

Similarly, Plaintiffs have no proof to support their fraud-based claim for relief under the Oregon Unlawful Trade Practices Act ("UTPA"), ORS 646.605, *et seq.*

Plaintiffs' Complaint alleges that SOA is liable for fraudulent misrepresentations and concealment under the UTPA. (Doc. 1, Ex. 1, Count IV, pp. 25-27). Plaintiffs seek recovery for unspecified actual damages, statutory damages, treble damages, and punitive damages. The only UTPA statutory provision cited in Plaintiffs' Complaint is ORS 646.607, which does not allow a private right of action, but instead applies to attorney general enforcement actions. Regardless, on the current factual record, Plaintiffs have no proof to support any possible claim for relief under the UTPA.

The UTPA requires the plaintiff to plead and prove that the defendant committed a "willful" violation of the Act. *See, Rathgeber v. James Hemenway, Inc.*, 335 Or 404, 413, 69 Or P3d 710 (2003) ("defendants' misrepresentations violated the UTPA only if, at the time they were made, defendants should have known that their services did not have qualities defendants represented them to have."). The UTPA defines "willful violation" as one that occurs when "the person committing the violation knew or should have known that the conduct of the person was a violation." ORS 646.605(1).

Plaintiffs' UTPA claim against SOA hinges on at least two layers of unprovable speculation: First, that there was some latent design or manufacturing defect with the subject Forester, which threatened and factually caused a "sudden acceleration" incident. Second, that

Page 14 - DEFENDANT SUBARU OF AMERICA, INC.'S MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVE MOTION TO STRIKE PLAINTIFFS' DAMAGES CLAIMS

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR  97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

SOA knew about the alleged defect, but willfully failed to disclose or misrepresented the condition of the Forester to Plaintiffs. Plaintiffs simply have no proof to support either of these speculative assertions.

Furthermore, Plaintiffs cannot establish the requisite "ascertainable loss of money or property" under ORS 646.638(1) to support a claim for relief under the UTPA. As detailed above, Plaintiffs cannot prove, or even articulate, their alleged economic damages. However, it does appear that Plaintiffs ostensibly seek recovery for alleged damages related to personal injuries. The UTPA does not allow recovery for personal injuries, medical expenses, or emotional distress because such damages are not considered "money or property" under ORS 646.638(1).

The Oregon Court of Appeals decision in *Gross-Haentjens v. Leckenby*, 38 Or App 313, 589 P2d 1209 (1979) is on point. In that case, the Oregon Court of Appeals rejected an attempt by a plaintiff injured in a motor vehicle accident to recover personal injury damages under the UTPA. Relying on the plain language of the statute, the court emphasized that the UTPA was enacted to provide "restitution" for "economic loss":

> It should be noted that this "private enforcement" provision (ORS 646.638), although providing for the recovery of "actual damages," confers the right to bring an action upon a person who "suffers any ascertainable loss of money or property, real or personal." This is consistent with its purpose to provide for "restitution," i.e,. restitution for economic loss suffered by a consumer as a result of a deceptive trade practice.

The Court further emphasized that "[p]ersons suffering personal injuries as a result of defective goods … already have remedies against the manufacturers and sellers of such goods in causes of action for negligence, breach of warranty and 'strict liability.'" The Court concluded that the UTPA was not intended by the Legislature to create a new cause of action for personal injury and related damages.

Page 15 - DEFENDANT SUBARU OF AMERICA, INC.'S MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVE MOTION TO STRIKE PLAINTIFFS' DAMAGES CLAIMS

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

Accordingly, to the extent Plaintiff's UTPA claim survives summary judgment for lack of proof of any underlying violation, Plaintiffs' claim also fails because they have no proof of an ascertainable loss of money or property.

### 3. Plaintiffs' Claims for Class Action Equitable Relief Fail as a Matter of Law.

Finally, SOA also requests that this Court grant summary judgment against Plaintiffs' claims for class action declaratory and injunctive relief. This is not a class action lawsuit and, therefore, Plaintiffs' overbroad requests for nationwide relief are inappropriate. In addition, Plaintiffs have no basis to demand any form of equitable relief under the particular facts of this case.

Plaintiffs' Complaint and Statement of Damages seek the following forms of relief:

- A declaration that Subaru is responsible for notifying other Subaru owners of "affected vehicles" of the supposed "sudden acceleration defect."

- An order enjoining Subaru from further "deceptive" distribution, sales and leases of the "affected vehicles."

- An order compelling Subaru to recall "affected vehicles."

- An order compelling Subaru to repair and eliminate the "sudden acceleration defect" with "affected vehicles."

- An order compelling Subaru to "conform its warranty."

- A declaration that "Defendants must disgorge, all or part of its ill-gotten profits received from the sale or lease of the affected vehicles, and/or make full restitution to Plaintiffs."

Page 16 - DEFENDANT SUBARU OF AMERICA, INC.'S MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVE MOTION TO STRIKE PLAINTIFFS' DAMAGES CLAIMS

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR  97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

Plaintiffs did not seek or obtain class certification under Fed. R. Civ. P. 23. Therefore, they are precluded from seeking remedies on behalf of other vehicle owners or consumers who are not parties to this lawsuit. Plaintiffs may only seek remedies for their own personal and individualized injury-in-fact. As a result, all of Plaintiffs' requests for relief regarding "Subaru owners" and "affected vehicles" should be dismissed from this case.

Furthermore, Plaintiffs have no factual basis to support any individualized equitable relief. Based on their pleadings, Plaintiffs apparently want this Court to issue mandatory injunctions compelling SOA to issue a recall, perform repairs, and rewrite the terms of a warranty for a vehicle Plaintiffs no longer own or possess. Plaintiffs cannot show these extraordinary injunctive remedies are necessary to protect against irreparable injury. Plaintiffs cannot show that these extraordinary injunctive remedies are narrowly tailored to remedy any specific injury suffered by Plaintiffs. And, Plaintiffs cannot show the absence of an adequate remedy at law. *See, Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 156, 130 S.Ct. 2743, 177 L.Ed.2d 461 (2010) (setting forth the essential elements of a claim for injunctive relief: (1) that the plaintiff has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction).

Based on the foregoing, the Court should grant partial summary judgment against Plaintiffs' claims for equitable relief.

Page 17 - DEFENDANT SUBARU OF AMERICA, INC.'S MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVE MOTION TO STRIKE PLAINTIFFS' DAMAGES CLAIMS

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

## CONCLUSION

For the foregoing reasons, SOA respectfully requests that this Court grant summary judgment against and/or strike Plaintiffs' claims for personal injuries, economic damages, noneconomic damages, punitive damages, fraud, relief under the UTPA, and injunctive relief. To the extent any claim or remedy survives this motion, SOA will be moving for complete summary judgment on liability at or before the close of expert discovery. SOA expects and hopes to avoid or limit the delay and expense of such motion, and unnecessary/expensive expert discovery needed to address the liability issue(s) by seeking the relief requested in this motion.

DATED: January 20, 2022.

MB LAW GROUP, LLP

*s/ Stephen P. Yoshida*
John W. Knottnerus, OSB No. 892788
Stephen P. Yoshida, OSB No. 044588
117 SW Taylor St., Suite 200
Portland, OR 97204
Telephone: 503-914-2015
Fax: 503-914-1725
Email: jknottnerus@mblglaw.com
        syoshida@mblglaw.com

Attorneys for Defendant Subaru of America, Inc.

Page 18 - DEFENDANT SUBARU OF AMERICA, INC.'S MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVE MOTION TO STRIKE PLAINTIFFS' DAMAGES CLAIMS

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone: 503-914-2015
Facsimile: 503-914-1725